OPINION — AG — THE ANSWER TO YOUR QUESTION, THEN, TURNS NOT ALONE ON THE DETERMINATION OF WHETHER A CREDIT UNION HAS DESIGNATED ITS MEMBERS' HOLDING THEREIN AS "SHARES" OR "DEPOSITS", BUT RATHER ON AN EXAMINATION OF THE RIGHTS, DUTIES, OBLIGATIONS, ETC., THAT ATTACH TO THE INVESTMENT OF FUNDS IN A PARTICULAR CREDIT UNION, AFTER THE REQUIRED INITIAL PURCHASE OF AT LEAST ONE SHARE OF THE STOCK OF SUCH UNION. SUCH EXAMINATION CAN BE MADE ONLY BY LOOKING TO THE BYLAWS OF THE INDIVIDUAL CREDIT UNION. THE FOREGOING DISCUSSION MUST, FROM THE NATURE OF THE SUBJECT MATTER, SERVE AS THE ATTORNEY GENERAL'S ANSWER TO THE FIRST PART OF YOUR QUESTION. THAT IS TO SAY, YOU MUST LOOK TO THE BYLAWS OF THE PARTICULAR CREDIT UNION TO DETERMINE IF ITS MEMBERS' DEPOSITS REPRESENT "SHARES OR OTHER WRITTEN EVIDENCE OF PROPORTIONAL BENEFICIAL INTERESTS" AND ARE THEREFORE EXEMPT FROM THE INTANGIBLE PERSONAL PROPERTY TAX LAWS, OR WHETHER THEY ARE SIMPLY "MONEY ON DEPOSIT" IN A "DEPOSITORY OF MONEY", AND THEREFORE TAXABLE. CITE: 6 O.S. 1965 Supp., 2007 [6-2007], 6 O.S. 1965 Supp., 2006 [6-2006], 6 O.S. 1965 Supp., 2011 [6-2011], 6 O.S. 1965 Supp., 2012 [6-2012], 6 O.S. 1965 Supp., 2013 [6-2013], 6 O.S. 1965 Supp., 2014 [6-2014], 6 O.S. 1965 Supp., 2018 [6-2018] 18 O.S. 1961 1.2 [18-1.2] (CHARLES OWENS)